DECISION AND JOURNAL ENTRY
The Summit County Court of Common Pleas, without holding a hearing, denied the application of Daniel J. Mallardi to have his conviction sealed, pursuant to R.C. 2953.32. He has appealed from that denial. Mallardi has asserted that the trial court erred when it denied his application without holding a hearing and by doing so deprived him of his rights to due process guaranteed by both the state and federal constitutions.
Mallardi was convicted of trafficking in marijuana on October 2, 1987. On July 21, 1999, Mallardi filed an application to have his criminal record sealed. He asserted that his probation was final on October 2, 1989, that he was a first offender, that he had no criminal or traffic charges pending, that he has been rehabilitated, and that his interest in having the application granted outweighed any need the government might have in maintaining the records. On October 8, 1999, the court summarily denied his application, without holding a hearing.
R.C. 2953.32(A)(1) provides a mechanism by which a first offender may have his conviction record sealed. In acting on an application to seal a conviction record, "the court shall set a date for a hearing." R.C. 2953.32(B). The court may not dispose of the application without holding a hearing because the language of the statute is mandatory, not permissive. State v. Cuttiford
(Feb. 11, 1998), Lorain App. No. 97CA006724, unreported, at 3. The state has conceded that "a remand directing the trial court to convene a hearing on the motion for expungement is warranted on the facts of this particular case."
We sustain Mallardi's first assignment of error, that the trial court erred as a matter of law in denying his application without holding a hearing. The remaining assignments of error, that he was denied the right to due process of law as guaranteed by the state constitution and as guaranteed by the federal constitution, are overruled as moot because of our disposition of the first assignment of error. The judgment of the trial court is reversed, and the cause remanded for further proceedings consistent with this opinion.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee. Exceptions.
 _________________________________ WILLIAM R. BAIRD, FOR THE COURT.
SLABY, J. and WHITMORE, J. CONCUR.